UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

SAUREL JEAN-PIERRE,

    Plaintiff,

v.

OKS LAUDERHILL-MIAMI GARDENS
MANAGER, LLC d/b/a OKS STADIUM LLC
a/k/a OKS COMMERCIAL & U LLC
d/b/a SONIC BEACH, and ARTHUR J.
HALLERAN, JR., individually,

    Defendants.
_____/

## **COMPLAINT**

COMES NOW Plaintiff, SAUREL JEAN-PIERRE, by and through his undersigned counsel, and sues the Defendants, OKS LAUDERHILL-MIAMI GARDENS MANAGER, LLC d/b/a OKS STADIUM LLC a/k/a OKS COMMERCIAL & U LLC d/b/a SONIC BEACH (hereinafter, referred to as "OKS"), and ARTHUR J. HALLERAN, JR. individually, (hereinafter, collectively referred to as "Defendants") and allege as follows:

1. That Plaintiff, a former employee of the Defendants, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq. The gravamen of this case is that the Plaintiff was a non-exempt employee hired by the Defendants on an hourly basis, but the Defendants willfully refused to compensate the Plaintiff for all work performed in direct contravention of the law.

2. That jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. That the unlawful employment practices alleged below occurred and/or were

1

committed within this judicial district.

4. That at all times material hereto, Plaintiff was and is presently a resident of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

5. That at all times material hereto, Defendants were the employers of the Plaintiff, were conducting business in this judicial district and were 'employers' under the FLSA.

6. That at all times material hereto, Defendant, ARTHUR J. HALLERAN, JR. individually, acted directly in the interests of his employer, the Defendant, OKS, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, OKS, and is otherwise an 'employer' under the FLSA.

7. That at all times material hereto, Defendant, OKS, was and continues to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

8. That at all times material hereto, Plaintiff was 'engaged in commerce' within the meaning of the FLSA.

9. That on or about January 2014, the Plaintiff, SAUREL JEAN-PIERRE was hired as a non-exempt employee by the Defendants.

10. Plaintiff was not however paid for his last two weeks of work. Taking his $8.75 per hour rate over 16 hours per week, this would total $280.00.

11. Plaintiff sent two pre-suit letters to Defendants requesting payment for these unpaid wages, both of which were ignored.

12. As a result, Plaintiff was left with no choice but to file the instant suit.

## COUNT I
## FLSA – OKS

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 12 of

this Complaint.

13. That Plaintiff is entitled to minimum wage for hours worked pursuant to the FLSA.

14. That by reason of the intentional, willful and unlawful acts of the Defendant, OKS, in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, SAUREL JEAN-PIERRE, demands judgment against the Defendant, OKS, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLSA –ARTHUR J. HALLERAN, JR.

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 12 of this Complaint.

15. That Plaintiff is entitled to minimum wage for hours worked pursuant to the FLSA.

16. That by reason of the intentional, willful and unlawful acts of the Defendant, ARTHUR J. HALLERAN, JR., in violation of the FLSA, Plaintiff has suffered damages.

WHEREFORE, Plaintiff SAUREL JEAN-PIERRE, demands judgment against the Defendant, ARTHUR J. HALLERAN, JR., individually, for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, SAUREL JEAN-PIERRE, demands trial by jury.

Dated: June 25, 2019.                    Respectfully submitted,

                                             Law Offices of Levy & Levy, P.A.
                                             1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida 33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920

4